Bert S. Barber, Plaintiff in Error, v. Travelers' Insurance Company, Defendant in Error.

Gen. No. 20,738. (Not to be reported in full.)

Marion Belle Barber, Plaintiff in Error, v. Travelers' Insurance Company, Defendant in Error.

Gen. No. 20,739. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915.

## Statement of the Case.

Action by Bert S. Barber, plaintiff, against Travelers' Insurance Company, defendant, and by Marion Belle Barber, plaintiff, against Travelers' Insurance Company, defendant, each to recover on an accident policy issued by defendant to Lyman W. Barber, the beneficiary named in one policy being Bert S. Barber and in the other Marion Belle Barber. There was judgment for defendant in both actions, to reverse which plaintiffs prosecute these writs of error.

A former trial of the same cases on the same evidence, with the exception of the testimony of Irma Palmer and Mildred Shippey, which testimony was first introduced on the present trial by defendant, resulted in judgment for the respective plaintiffs, which was reversed by this court and the causes remanded. *Barber v. Travelers' Ins. Co.*, 165 Ill. App. 239. In the opinion then filed the pleadings and questions involved were fully stated. The policy provided: *"That this insurance shall not cover * * * death * * * resulting wholly or partly, directly or indirectly, from intoxication or while intoxicated."* The defense on both trials was practically that the assured at the time he came to his death was intoxicated. He left his office about six p. m. of January 4, 1908,

went to a saloon and remained three-quarters of an hour, had there one or two drinks of whisky, then went to supper and after supper had more whisky and also drank beer; about nine o'clock he went to another saloon and then to the "Savoy," where he remained an hour or longer, and drank beer; then about eleven o'clock he went to a house of ill-fame, where he had beer; a little later he went to another house of the same class in the same district, and there remained two hours or longer and drank beer, he went up stairs with Mildred Shippey, an inmate, and, according to her testimony and the testimony of two other inmates of the house, was then intoxicated, vomited and had to be helped up and down stairs. About 1:30 a. m. he went in a cab to a saloon nearby, and then to another house of ill-fame, on leaving which he took a girl into the cab and took her three blocks south of the saloon from which they started and in the direction of the assured's home. Thereafter the assured rode in the cab to the Old Colony Building, nearly two miles north of the place where the girl left the cab. When he reached there he dismissed the cabman, walked up stairs to the elevated railway station, and took a south-bound elevated train at 3:30 a. m. His dead body was found the next morning under the elevated railway station at the Twenty-sixth street station. The evidence showed that he fell from the car on which he was riding at that place and was thereby killed.

The defendant called five physicians and propounded to each the same hypothetical question, stating quite fully the appearance, history and actions of the assured from six p. m. of January 4th until half past three o'clock the next morning, and included the assumption that he staggered, was unable to talk coherently, spoke only a few words and those merely in mono-syllables. The question asked was: "Assuming the facts stated in the question, have you an opinion as to whether that man was or was not intoxicated about

4 a. m. the next morning?" Over the objection of plaintiff the question was permitted to be answered, and the answer by each physician was, in substance, that he had an opinion that the man was intoxicated and that the intoxication would probably continue three or four hours from four o'clock. One of the contentions of the defendant is that the court erred in permitting the hypothetical question to be answered.

WORTH E. CAYLOR, for plaintiffs in error.

FRANK M. Cox and R. J. FELLINGHAM, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1507*—*when form of hypothetical question not ground for reversal.* Form of hypothetical question to expert in action on accident insurance policy examined and *held* not ground for reversal.

2. INSURANCE, § 667*—*when evidence sufficient to support finding that insured died while intoxicated.* Evidence in action on accident insurance policy examined and *held* to support finding that insured came to his death while intoxicated.

---

## The People of the State of Illinois, Defendant in Error, v. Maclay Hoyne, Plaintiff in Error.

### Gen. No. 20,759.

1. APPEAL AND ERROR, § 784*—*when matters of not formally given in evidence may be incorporated in bill of exceptions.* *Semble,* that matters which transpire in the presence of the court, rules of court and generally those matters of which the court takes judicial notice, may be incorporated in the bill of exceptions, even though not formally given in evidence.

2. APPEAL AND ERROR, § 784*—*what matters cannot be incorporated in bill of exceptions by order of court.* Statements of acts and trans-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.